# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE TILE INDUSTRY HEALTH AND WELFARE FUND,<br><br>Plaintiff,<br><br>vs.<br><br>AGI MARBLE COMPANY, INC., a California Corporation, and SMG STONE COMPANY, INC., a California Corporation,<br><br>Defendants. | **CASE NO.: CV-09-5137 GW (RCx)**<br><br>**PROTECTIVE ORDER** |

IT IS SO ORDERED:

1. On July 15, 2009, Plaintiff filed a Complaint against Defendants AGI MARBLE COMPANY, INC. ("AGI") and SMG STONE COMPANY, INC. ("SMG"), alleging that Defendants breached a collective bargaining agreement between AGI and Tile, Marble & Terrazzo Local Union No. 18 by failing to pay and report trust fund contributions on behalf of work performed by employees of both companies. The Complaint seeks damages against SMG based the contention SMG and AGI constitute a "single employer," "disguised continuance," or "alter ego" of AGI and was therefore also bound to the terms and conditions of the

- 1 -

collective bargaining agreement.

2. Plaintiff has served extensive written document requests on SMG requesting that it produce business records consisting of, but not limited to, payroll and time records for its field installation employees from September 2006 to the present, as well as other documents which are private, confidential, and proprietary in nature, and which if disclosed to SMG's competitors or other persons who are not parties to this action could cause substantial harm to its financial and business operations. SMG is therefore willing to make certain responsive documents available for Plaintiff only if they are protected from disclosure by this Stipulation and Protective Order by means of the procedure set forth below.

3. The documents and information produced by SMG pursuant to this Protective Order and shall be deemed "Confidential."

4. Upon receipt by Plaintiff's attorney, the documents and information produced pursuant to this Protective Order shall be placed in a file or files bearing the words "Confidential."

5. The "Confidential" material produced pursuant to this Protective Order shall not be shown or disclosed, directly or indirectly, to any persons or entities other than (a) Plaintiff, (b) Plaintiff's attorney, their associated attorneys, paralegals, clerks or secretarial employees engaged in this litigation; and (c) Plaintiff's intended lay and expert witnesses for the purpose of preparing their testimony either in deposition or at trial, provided that any such witnesses acknowledge and agree to be bound by this Protective Order.

6. The parties may make photocopies of documents subject to this Protective Order for internal use and for use as part of filings with the Court and during depositions.

7. If, at any time during the pendency of this action, counsel for any party wishes to exclude certain information from the provisions of this Protective Order, the party may proceed by motion before the Court.

8. If Plaintiff's attorney desires to communicate confidential material produced pursuant to this Protective Order in any fashion to any persons other than those referred to in paragraph 3 above, they shall inform SMG's counsel in writing of the identity of the persons to whom they wish to communicate the information and what information they desire to disclose. SMG's counsel will then have seven (7) days to object to such disclosure or communication. If counsel objects to disclosure to the identified person within the seven-day period, no such disclosure may be made without an order by the Court authorizing the same.

9. Documents or information designated confidential pursuant to this Protective Order shall be offered as evidence at trial under an appropriate order protecting its confidentiality, unless the confidentiality of such information has been removed by the Court or by agreement of counsel who first made the designation or by this Court in accordance with the provisions of this Stipulation and Order.

10. Nothing in this Order shall prevent counsel for the parties from referencing in support of oral or written legal arguments, documents or deposition testimony designated as "Confidential" pursuant to this Order, provided that such references do not contain quoted material from such confidential materials and, if such confidential materials are submitted to the Court, such submission is made in accordance and compliance with the other provisions contained in this Order.

11. Nothing in this Order shall prevent any party from using any confidential information, regardless of how designated, in connection with other discovery proceedings in this action, such as depositions, document requests, requests for admission or interrogatories, provided that the proceedings in which such confidential information is used shall themselves be treated as "Confidential" under the terms of this Order.

12. Any acquiescence by the other party in a designation of information as "Confidential" shall not operate as a waiver of that party's right to subsequently

1  dispute the appropriateness of such designation.

2      13.    The terms of this Protective Order shall apply to all manner and means of discovery, including the inspection of books, records, documents, including electronic data, and physical objects .

    14.    Within thirty (30) days of the final termination of this proceeding, each receiving party shall either destroy or return to each producing party all materials which have been designated by the producing party as "Confidential" pursuant to this Order and shall destroy all copies, digests, or summaries which have been made of, or prepared from, such documents, and upon request shall provide the other party with a certificate attesting to such destruction.

    15.    This Order may be modified by further order of the Court or by agreement of counsel for the parties, subject to the approval of the Court, provided that any such agreement is memorialized in the form of a stipulation that shall be filed with the Court and made a part of the record in this case. The parties reserve the right to apply to the Court for an order modifying this Order or seeking further protection.

IT IS SO ORDERED.

DATED: February 26, 2010

                                      HON. GEORGE WU
                                      UNITED STATES DISTRICT JUDGE